No. 2,200.

HIRAM ECKART, RESPONDENT, *v.* WILLIAM CAMPBELL *et al.,* APPELLANTS.

ACT FOR THE SALE OF STATE LANDS—CONSTRUCTION OF.—An applicant for the purchase of lands belonging to the State, under the provisions of the Act of March 28, 1868, who has obtained a certificate of location from the Surveyor General, but has failed to pay the instalment of twenty per cent. of the purchase money within fifty days from the date of the certificate, will be considered as having abandoned his exclusive right to purchase, and the Surveyor General may issue a new certificate to another applicant for the purchase of the same lands.

APPEAL from the District Court of the Second District, Butte County.

The case is stated in the opinion.

*Haymond & Stratton* and *J. M. Burt,* for Appellants, made the following points:

*First*—That the Surveyor General's certificate issued to Eckart was not in terms a contract.

*Second*—That if the certificate could be construed to be a contract on the part of the State, the time within which
(T.)

payment was to be made was of the essence of the contract, and that Eckart forfeited all rights under it by not making the payment within fifty days.

*Third*—That the Surveyor General is not authorized to sell any land belonging to the State, as that authority is vested solely in the Register of the Land Office.

*Fourth*—That the evident intention of the Legislature was that the first payment should be made within the fifty days, or that the applicant should lose all rights that the Surveyor General's certificate gave him.

*P. O. Hundley* and *A. Maurice, Jr.*, for Respondent.

We hold: *First*—That the payment of the twenty per cent. within fifty days after the approval by the Surveyor General, is not a condition precedent.

*Second*—That the question of the payment of the twenty per cent. within the fifty days involves a construction of the statute, whether the same is directory or amendatory.

*Third*—In issuing the certificate of location to Eckart, the State made a complete contract of sale of the lands therein described to Eckart, and that he thereby became vested with a right to possess and to have dominion over the lands.

*Fourth*—That he had fifty days from the approval by the Surveyer General in which to make the first payment, and that that time was not of the essence of the contract in any sense or under any circumstances in this case.

*Fifth*—That his failure to pay the twenty per cent. within fifty days did not preclude him from afterwards paying the purchase money, and that it was the duty of the County Treasurer to have received the one hundred and eight dollars and eighty-eight cents when tendered.

*Sixth*—That Campbell has no right, either legal or equitable, to entitle him to priority over Eckart, nor does he stand in that position to entitle him to claim a forfeiture.

WALLACE, J., delivered the opinion of the Court:

The controversy here grows out of the provisions of the Act of March 28, 1868, providing for the management and sale of lands belonging to the State.

Eckart claims that he is a purchaser of a portion of these lands, and that he became so by having, to some extent, complied with the requirements of the Act to which we have referred.

It appears that about the 4th day of September, 1868, he made application, in proper form, to the Surveyor General for location of a half section of these lands, and obtained from that officer a certificate of location in the usual form, bearing date February 4, 1869. The land is situate in Butte County, and it was the duty of Eckart to pay to the Treasurer of that county, within fifty days after the date of his certificate of location, twenty per cent. of the purchase money, without interest; the balance was permitted by law to remain unpaid, at the option of Eckart, it bearing interest, however, at the rate of ten per cent. per annum, and the State reserving the right to require payment of the unpaid balance at any time within one year after the passage of an Act of the Legislature for that purpose.

Eckart having received the certificate, did not offer to make any payment whatever within the prescribed time of fifty days from and after its date. He, however, tendered the proper sum to the Treasurer on April 6, 1869. That officer refused to receive it, because not offered within time. In the meantime, the Surveyor General, considering that Eckart had abandoned his application by failing to tender the twenty per cent., as required by law, entertained an application to purchase the land made by another person.

Eckart now claims that the officer could not thus disregard his original application, but that he obtained an interest in the land applied for, by the mere fact of the issuance to him of the certificate of location in the first instance, and that such interest remained vested in him, notwithstanding his neglect or refusal to pay the required sum of twenty per cent. of the purchase money within the prescribed time.

His counsel have argued the cause with remarkable ingenuity, and have examined and compared the voluminous provisions of the statute in detail for the purpose of maintaining this view.    Expressions have been industriously pointed out in various portions of the Act, going to show, as it is claimed, that the holder of a mere certificate, though paying nothing, has necessarily acquired an estate in the premises, which can only be divested by proceedings to foreclose, to be instituted by the State in every instance, pursuant to Section 65 of the Act.

We have attentively considered the argument offered, but have been unable to arrive at the conclusion sought to be maintained.

In our opinion it was the intention of the Act, that the certificate mentioned in Section 12 should, in its own language, ''authorize the County Treasurer of the county in which the lands are situated, to receive payment thereon.'' It was intended to give to the person, who obtained it, the exclusive privilege to become the purchaser of the particular premises described, at any time within the fifty days from its date.    It is, however, a mere privilege which he might, at his option, accept or decline within that time—and his failure to pay the twenty per cent. as required, is conclusive evidence to the land officers that he has abandoned the privilege thus conferred upon him.    It is true, that the holder of this certificate is in some sections of the Act styled the ''purchaser,'' and this, too, in advance of his making the first payment of twenty per cent.    Loose or inapt expressions of this character, however, ought not to defeat what we think is the otherwise clear intent of the statute.    It is disstinctly provided in Section 4, that ''whenever the Register shall receive from the County Treasurer of the proper county a statement, showing that any applicant for any State lands has made the first payment of principal and interest, as hereinafter provided, he shall issue to the person or persons entitled thereto a certificate of purchase, which shall show the class of land purchased, the number of acres, the price per acre, the date of payment, the date from which interest shall be computed, the amount paid, and the amount remain-

.ing unpaid—which certificate shall be received in any Court of justice in the State as *prima facie* evidence of title."

The holder of such a certificate as that held by Eckart is, in this section, distinctly characterized as an *applicant* merely, and it is the payment of the twenty per cent. which converts him into a *purchaser*, and entitles him to receive from the Register a certificate, which sets forth the terms of the contract, now for the first time made between the applicant and the State, the description of the land purchased, the sum already paid, and the amount to be paid hereafter, etc.

And in cases where proceedings are instituted, by the State, for the purpose of foreclosing the interest of the purchaser, for non-payment of the balance of the purchase money, it is provided that if property of the defendant in such action, sufficient in amount to pay the costs, etc., be not found, it "shall be paid from the twenty per cent. of the principal of the purchase money, or from the interest paid by the purchaser at the time of the original location and entry of the land." It does not seem to have been the intention of the statute, that the State should be considered as having parted with any interest in the land, until she had received the payment of at least the first instalment of the purchase money.

The judgment is therefore reversed, and the cause remanded, with direction to the Court below to enter an order sustaining the demurrer to the complaint.

CROCKETT, J., dissented, but delivered no opinion.