[No. 12178. In Bank. — November 10, 1887.]

THE PEOPLE ex rel. JOHN LYNCH, Respondent, *v.* HENRY MARTZ, Appellant.

State Land — Purchase of Lieu Lands — Failure to Present Certificate of Purchase to County Treasurer — Act of March 27, 1872 — Pleading. — The action was brought to cancel a patent issued on an application made in May, 1880, to purchase 320 acres of land in lieu of school lands granted to the state. The plaintiff claimed that the same land had been previously sold to one Mullen, the assignor of the relator, upon his application made in 1869, under the act of March 28, 1868. The land having been accepted by the register of the United States land-office in part satisfaction of the grant for school purposes, the surveyor-general of the state approved the location, and issued to Mullen a certificate of location on the 21st of August, 1869. Mullen did not present his certificate, or make any payment thereon, to the county treasurer within fifty days after the approval of the surveyor-general, as required by section 23 of the act. On the 27th of March, 1872, the legislature passed an act for the relief of purchasers of state lands, providing "that when application has been made to purchase lands from the state, and payment made to the treasurer of the proper county for the same, in whole or in part, and a certificate of purchase or patent has been issued to the applicant, the title of the state should vest in the applicant, or his assigns, upon his making full payment therefor; provided, that no other application had been made for the purchase of the same lands prior to the issuance of the certificate of purchaser; and provided further, that the act should not apply to school lands, except to the amount of 320 acres to any one purchaser." The complaint contained no allusion to the latter act, and failed to show that Mullen had not already been the beneficiary of the act to the extent of 320 acres. *Held,* that the complaint, in not affirmatively showing that the plaintiff

was entitled to the benefit of the act, did not state facts sufficient to constitute a cause of action, and that a demurrer on that ground should have been sustained.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*H. C. Rolfe,* for Appellant.

*Curtis, Otis & Conner,* for Respondent.

TEMPLE, J.—This is a suit brought to cancel a patent issued on an application to purchase 320 acres of land, in lieu of school lands granted to the state, made in May, 1880. Plaintiff claims that the same land had been previously sold to John Mullen, assignor of the relator, upon his application made in 1869, under the provisions of the act of March, 1868. (Stats. 1867–68, p. 507.) The land having been accepted by the register of the United States land-office in part satisfaction of the grant for school purposes, the surveyor-general of the state approved the location, and issued to Mullen a certificate of location on the twenty-first day of August, 1869. Mullen did not present his certificate, or make any payment thereon, to the county treasurer until October 15th following, which was fifty-five days after he received the certificate of location. The statute required the purchaser to make this payment within fifty days after the approval of the surveyor-general. (Sec. 23, Act of March 28, 1868.) In *Eckart* v. *Campbell,* 39 Cal. 256, this court, in construing this statute, held that the failure of an applicant to make this payment within fifty days was conclusive evidence that the applicant had abandoned his privilege; in other words, that the requirement was a condition precedent, failing in which, the applicant forfeited his rights.

The legislature, however, passed March 27, 1872, an act entitled "An act for the relief of purchasers of state lands," the first section of which reads as follows: "When application has been made to purchase lands from this state, and payment made to the treasurer of the proper county for the same, in whole or in part, and a certificate of purchase or patent has been issued to the applicant, the title of the state to said land is hereby vested in said applicant, or his assigns, upon his making full payment therefor; provided, that no other application has been made for the purchase of the same lands prior to the issuance of said certificate of purchase; provided further, that this act shall not apply to school lands, except to the amount of 320 acres to any one purchaser." (Stats. 1871–72, p. 587.) The complaint contains no allusion to this act, and of course does not show that Mullen had not already been the beneficiary of the act to the extent of 320 acres. A general demurrer was interposed, in which one of the grounds was that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant declining to answer, judgment was entered for plaintiff, from which this appeal is taken.

We think it was incumbent upon the plaintiff to show affirmatively that he was entitled to the benefit of the act. There was no presumption of law upon the subject. The demurrer, therefore, should have been sustained.

Judgment reversed, and cause remanded, with directions to sustain the demurrer.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., THORNTON, J., McKINSTRY. J., and PATERSON, J., concurred.